### In re LIVERS.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

ATTORNEY AND CLIENT ⬡=⟩39—DISBARMENT—CRIMINAL OFFENSES.

An attorney will be disbarred; he having during a period of years before and after his admission to the bar misappropriated funds of the firm employing him as a law clerk and bookkeeper, and falsified the books.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 52; Dec. Dig. ⬡=⟩39.]

Application on the report of official referee on charges against Arthur A. Livers, an attorney, for disbarment. Respondent disbarred.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Einar Chrystie, of New York City, for petitioner.

Arthur A. Livers, of Brooklyn, pro se.

CLARKE, P. J. This is the usual proceeding instituted by the Association of the Bar of the City of New York, charging the respondent with misconduct as an attorney, alleging that he had pleaded guilty to the charge of petty larceny in the Court of Special Sessions for misappropriating certain moneys from the law firm by whom he was employed as a law clerk and bookkeeper.

⬡=⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The petition further alleges that he had been employed by said firm since his admission to the bar in 1912, and for three or four years prior thereto. After his arrest he admitted that during his term of employment he misappropriated from his employers between $500 and $1,000. This misappropriation was made in small sums, and, to avoid detection, it was the respondent's custom to falsify the entries in the books of the firm. When he learned that he was suspected, he destroyed one of the books of account, known as the "fees book," as an inspection of said book would have disclosed his guilt. The respondent agreed to repay to his former employers in installments the sum of $550, and in consideration of this agreement, and his plea of guilty, sentence was suspended.

In his answer the respondent admits the allegations contained in the petition and throws himself upon the mercy of the court, praying that it will exercise such clemency in the premises as may be deemed just and proper. This respondent did not yield to sudden temptation—did not commit a single act of wrongdoing. His betrayal of the confidence reposed in him by his employers and his misappropriation of their moneys, which came under his control by virtue of his employment, continued over a long series of years, both before and after his admission to the bar. While his repentance, after discovery and prosecution, and his resolve to hereafter lead an honest and upright life, may be entirely sincere, it cannot obliterate the fact that his long years of continued peculations demonstrate his utter failure to realize the obligations of a profession whose corner stones are honesty and faithfulness to trust imposed. The court, while it trusts that his profession of determination to lead in future an honest life is sincere, thinks it must be led without the bounds of the profession.

Respondent is therefore disbarred. Settle order on notice. All concur.